OPINION
Defendant-Appellant, Howard Bowers ("appellant"), appeals the decision of the Auglaize County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts of the case are as follows. In 1994, appellant was charged with attempted rape, attempted felonious penetration, and gross sexual imposition. Pursuant to a plea agreement, appellant pled guilty to all three counts. Appellant was sentenced to confinement in the Ohio Department of Rehabilitation and Corrections for a term of not less than six years, nor more than fifteen years, on the first two counts and two years on count three. The victim of these crimes was the ten-year old daughter of appellant's girlfriend.
While serving his term in prison, the Ohio Department of Rehabilitation recommended that appellant be classified as a sexual predator. A hearing was held on May 5, 1999, in the Auglaize County Court of Common Pleas. At the conclusion of the hearing, the trial court found that appellant was a sexual predator pursuant to R.C. 2950.09.
Appellant now appeals the judgment of the trial court, asserting two assignments of error.
Assignment of Error No. 1
 The trial court committed an error of law by not finding that the sexual offender classification scheme is unconstitutional under Article I, Section I of the Ohio Constitution.
In his first assignment of error, appellant contends that R.C. 2950 is unconstitutional. Specifically, appellant contends that the statute is an invalid use of the state's police power in that it is an unreasonable and arbitrary infringement upon an individual's civil liberties.
In Benjamin v. Columbus (1957), 167 Ohio St. 103, the Supreme Court of Ohio set forth a two-prong test for the valid exercise of police power. The two prongs of the test are:
 1. It must bear a real and substantial relation to the public health, safety, morals and general welfare of the public, and
2. It must not be unreasonable or arbitrary.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio stated that R.C. 2950 does bear a substantial relationship to protecting the general welfare of the public. The Court, however, did not directly address the second prong of the Benjamin
test. Appellant argues that R.C. 2950.09 fails the second part of this test.
Appellant relies on the Eleventh District Court of Appeals decision in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999),86 Ohio St.3d 1406, as support for this contention. In Willams, the court found R.C. 2950 unconstitutional on the grounds that it violates Article I, Section 1 of the Ohio Constitution. We disagree.
This court recently addressed the same issue in State v.Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported. InMarker, we upheld the constitutionality of R.C. 2950 by finding that it constitutes a valid use of the state's police power and is not an unreasonable or arbitrary infringement upon an individual's privacy rights.
Furthermore, in State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported, we found the Supreme Court's discussion of the constitutional considerations in Cook to be persuasive that R.C. 2950 is constitutional in its entirety. Therefore, we hold that R.C. 2950 does not violate Article I, Section 1 of the Ohio Constitution.
Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2
 The trial court committed an error of law in finding that the defendant was a sexual predator pursuant to R.C. 2950.09(B).
 The appellant asserts in his second assignment of error that the trial court erred in finding that he is a sexual predator. Specifically, appellant maintains that the trial court's decision is not supported by clear and convincing evidence. For the following reasons, we disagree.
We first note that R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." The Supreme Court of Ohio in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, stated the following with respect to the term "clear and convincing evidence:"
 [It] is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 See, also, State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
In the case before us, the evidence shows that for approximately a two-year period, appellant sexually molested his live-in girlfriend's daughter. The victim was ten years old when the abuse began. Appellant showed the victim a videotape of himself and her mother engaged in sexual acts in order to convince the child to do the same. Appellant stated that he used the tape "as a grooming technique to get her (the victim) to perform oral sex." The abuse always occurred in their home while the victim's mother was working third shift. Appellant admitted to having sexual contact with the child frequently.
Additionally, statements from the victim's younger sister and the daughter of appellant's first wife were read into evidence. Both of these girls allege that appellant molested them at various times as well. The girls were five and seven years old, respectively, at the time of the attacks. When asked why he was stipulating to these statements and waiving the opportunity to have the girls cross-examined, appellant stated, "Because if they put it on paper I don't want to put them through anymore than what they've already been through, through my actions."
In appellant's favor, evidence was presented to show that his only prior juvenile or adult record was for several traffic offenses. Appellant presented the trial court with proof that he had participated in various programs while being incarcerated, including a self-esteem program, an anger management program, and the Magellan sex offender program. While appellant successfully completed the sex offender program, he admits that the victimization resulted from the build up of problems in his life and when he is released he will need to avoid contact with children.
The trial court carefully weighed all the relevant factors set forth in R.C. 2950.09(B)(2). The court specifically based its determination on the fact that the victim was ten years old, appellant had sexual contact with her frequently over a two-year period, and that appellant fails to discuss or address the allegations of the other victims. Thus, the court had sufficient evidence before it from which to determine by clear and convincing evidence that appellant is likely to commit sexually oriented offenses in the future.
Accordingly, appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.